UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| VIRTUAL STUDIOS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. _____ |
| | ) |
| HOME DEPOT U.S.A., INC. | ) JURY DEMAND |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR COPYRIGHT INFRINGEMENT**

By way of complaint against defendant Home Depot U.S.A., Inc. ("Home Depot") plaintiff Virtual Studios, Inc. states as follows:

**JURISDICTION**

1. This complaint is brought under the Federal Copyright Act of 1976, as amended, 17 U.S.C. §§ 101, *et seq*. This Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1338(a).

**VENUE**

2. Venue is appropriate under the provisions of 28 U.S.C. §1391(b)(2) and 28 U.S.C. §1400(a).

## FACTS COMMON TO ALL COUNTS

3. Plaintiff, Virtual Studios, Inc., ("Virtual") provides a variety of services and products within the graphic arts industry. Among those services are digital photography, image manipulation, scanning, design and illustration, digital printing, presentation graphics, image setting, and digital proofs.

4. In the 1990's Virtual developed a unique and proprietary software for digitally manipulating room scenes. It offered this service to carpet and flooring manufacturers as a means by which they could display their products in sales, advertising and marketing materials.

5. Virtual's unique proprietary software allowed it to digitally photograph carpet and flooring products and then manipulate the images of those products so as to create a picture of a room with the appearance that such carpet and flooring products were installed in it.

6. In the 1990's, Virtual and carpeting and floor covering manufacturers began doing business together. Through the new technology developed by Virtual, Virtual's customers are able to display rugs and carpeting in room scenes created by Virtual.

7. Under the terms of the agreement between Virtual and its customers, each customer would select certain room scenes from Virtual's library of copyrighted room scenes and would provide Virtual with a sample of its product for use in the selected room scene. Virtual would then digitally photograph a small portion of the sample product, and digitally manipulate the image it took so as to virtually place that product

into the selected room scene. Virtual's customers would then use this room scene in its advertising, sales and promotional materials in both print and internet media.

8. Virtual's customers include Beaulieu Group, LLC and other major carpet manufacturers. Virtual has obtained a judgment for $1,950,000.00 against Beaulieu Group, LLC for willful copyright infringement in the United States District Court for the Eastern District of Chattanooga. The case is styled Virtual Studios, Inc. v. Beaulieu Group, LLC, Case No. 1:11-cv-359, Judge Curtis Collier. Judge Collier also issued an injunction requiring Beaulieu to notify its customers, including the defendant of the existence of the judgment and the existence of images that Beaulieu infringed upon when it distributed the images to its customers, including Home Depot.

9. Beaulieu provided images that are the subject of the pending judgment against Beaulieu that are copyright protected from disclosure, dissemination, display or use by other parties, including Home Depot.

10. Plaintiff is informed and believes and based on such information and belief alleges that Home Depot has and continues to display without Virtual's permission and without any proper licensing agreement, copyrighted images obtained from Beaulieu and others. Previously, counsel for Virtual wrote Home Depot to make Home Depot aware that it was likely using or allowing to be displayed in its stores images that belong to Virtual and that are subject to copyright protection.

11. Further, pursuant to Judge Collier's injunction, Beaulieu sent a letter to some of its customers, including Home Depot, notifying Home Depot of the judgment for copyright infringement and furnishing Home Depot with copies of the images that are the subject of the Virtual judgment against Beaulieu.

## PARTIES

12. Virtual is a Tennessee corporation with its principal place of business located at 402 North Park Drive, Suite 103, Dalton, GA 30720.

13. Home Depot U.S.A., Inc. is a corporation with its principal place of business located at 2455 Paces Ferry Road, S.E., Atlanta, GA 30339-1834. Home Depot owns and operates stores at various locations throughout the country, including throughout the State of Tennessee. Home Depot is qualified to do business in Tennessee and may be served with process upon its registered agent Corporation Service Company, 2908 Poston Avenue., Nashville, TN 37203-1312.

## CAUSE OF ACTION FOR
## COPYRIGHT INFRINGEMENT

14. Virtual repeats and restates each and every allegation of Paragraphs 1 through 13 as though fully set forth herein.

15. Home Depot directly infringed Virtual's copyrighted images.

16. Home Depot had the ability to control or prevent the infringing acts.

17. Home Depot willfully and negligently failed to take appropriate steps to control or prevent the infringing acts at its stores and obtained a direct financial benefit from the infringing activities.

18. The acts and conduct of Home Depot as alleged constitute copyright infringement.

19. Virtual has notified Home Depot of its improper, unlawful and infringing actions. Home Depot management has failed to acknowledge that Home Depot has improperly infringed Virtual's copyrights.

20. In 2007, 2008 and 2009, Virtual complied in all respects with the United States Copyright Act of 1976 and all other laws governing copyright by applying for copyright registration and making the required deposit for each and every one of the room scene images it provided Beaulieu for its limited use. The United States Copyright Office issued copyright certificates for each of the subject room scenes.

21. Home Depot has actual or constructive notice of Virtual's copyright in and to the subject room scene images.

22. Notwithstanding Home Depot's notice and knowledge of Virtual's rights, and without Virtual's permission or assent, Home Depot has continued to use and display or allow the use and display of Virtual's copyrighted images.

23. Virtual has notified Home Depot that it has infringed and is infringing Virtual's copyrights. Nothwithstanding such notice, Home Depot has continued and is anticipated to continue to use Virtual's copyrighted materials in violation of those copyrights and without the permission or assent of Virtual.

24. Home Depot acts of infringement have been and continue to be willful.

25. The unauthorized and infringing use by Home Depot of Virtual's copyrighted images has caused irreparable harm, damage and injury to Virtual. In addition, Home Depot has unlawfully and wrongfully derived and will continue to derive income and profits from its infringing acts.

## PRAYER

**WHEREFORE,** Virtual requests judgment against Home Depot for:

a) A permanent injunction enjoining Home Depot and its officers, shareholders, agents, and employees from infringing in any manner, Virtual's copyrights in the subject room scene images and from copying, disseminating, altering or otherwise disposing of any copies thereof pending a final decision in this action;

b) A permanent injunction impounding all forms of displays of the images infringing the copyrights of Virtual in the subject room scene images;

c) Delivery by Home Depot or for destruction following a final decision in this action, of all infringing images or copies including, but not necessarily limited to, all infringing derivative images, digital files, magnetic tapes, disks and other means for making infringing copies;

d) Recovery of damages for all gains, profits and advantages derived by Home Depot as a result of its direct and vicarious infringement of Virtual's copyrights, or alternatively, for actual and statutory damages;

e) Reasonable attorney's fees, prejudgment interest and costs of suit;

f) Such other and further relief as the court deems equitable and just.

Respectfully submitted,

**PATRICK, BEARD, SCHULMAN & JACOWAY, P.C.**

By: s/ Michael A. Anderson
    **Michael A. Anderson, BPR #012368**
    **McKinley S. Lundy, BPR #27391**
*Attorneys for Virtual Studios, Inc.*
537 Market Street, Suite 202
Chattanooga, TN 37402
Telephone: (423) 756-7117
Facsimile: (423) 267-5032

VIRTUAL STUDIOS, INC. RESPECTFULLY REQUESTS A JURY TO TRY THE ISSUES WHEN JOINED.

By: s/ Michael A. Anderson
    Michael A. Anderson
    Its Attorney